IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY COOPER II, )　　　　　　　　　　　　　　　　) | |
| Plaintiff, )　　　　　　　　　　　　　　　　) | |
| ) | CIV-07-112-R |
| v. )　　　　　　　　　　　　　　　　) | |
| DAVID MILLER, WARDEN, et al., )　　　　　　　　　　　　　　　　) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. Named as Defendants in the Complaint are seven correctional officials and one medical professional employed at the Lawton Correctional Facility ("LCF"), a private prison in Oklahoma, and a corporate entity identified as a "private prison contractor" in Oklahoma. In his Complaint, Plaintiff seeks monetary damages and equitable relief for numerous alleged constitutional deprivations during his confinement at LCF. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

I. Initial Review under 28 U.S.C. §1915(e)(2)(B)

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by an individual proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). On review, the court must dismiss a cause of action

1

Dockets.Justia.com

by an *in forma pauperis* litigant at any time the court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B).

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).[1] In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id.  A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110.  The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Personal Participation

Plaintiff alleges that he was punished in institutional disciplinary proceedings in

---

[1] The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

retaliation for his request for "protective measures" after he was threatened by another inmate at LCF and in retaliation for his refusal to sign a "document he perceived to be a waiver of his constitutional rights that contained two false statements." Complaint, at 4. Plaintiff also alleges a denial of his Eighth Amendment right to be free from cruel and unusual punishment, and his Complaint may be generously construed to allege a denial of due process rights on the grounds that there was not "some evidence" to support the imposition of disciplinary sanctions. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

"Prison officials may not retaliate against or harass an inmate in retaliation for the inmate's exercise of his constitutional rights." Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). The Eighth Amendment, which is applicable to the States through the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" upon convicted inmates, and a violation of the Eighth Amendment is shown where an inmate is subjected to the "unnecessary and wanton infliction of pain" or where prison officials have shown deliberate indifference to the serious health or safety needs of inmates. Wilson v. Seiter, 501 U.S. 294, 297-299 (1991)(quotations omitted). Also, prison disciplinary convictions must be supported by "some evidence." Hill, 472 U.S. at 455.

However, prison officials cannot be held liable for damages based on general allegations by a prisoner that the officials violated his or her rights. "Rather, personal participation is an essential allegation in a § 1983 claim." Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)(quotation omitted). Moreover, "government officials are not

3

vicariously liable for the misconduct of their subordinates.  There is no concept of strict supervisor liability under § 1983." <u>Serna v. Colorado Dep't of Corr.</u>, 455 F.3d 1146, 1151 (10th Cir. 2006)(quotation omitted).  Plaintiff has not alleged that Defendants Sgt. Jones or Dr. Dirham personally participated in the actions that allegedly violated his constitutional rights.[2]  In addition, Plaintiff has not alleged the requisite personal participation in any alleged constitutional deprivation by Defendant The GEO Group, Inc., which is apparently named as a Defendant solely in its capacity as the corporate owner and operator of LCF.  Accordingly, these Defendants should be dismissed from the cause of action for failure to state a claim against them upon which relief may be granted under 42 U.S.C. § 1983.  This Report and Recommendation does not address the merits of Plaintiff's claims against the remaining Defendants, identified in the Complaint as Mr. J. Stevenson, Mr. Bernard, Warden David Miller, Sgt. Harrall, Lt. Howard, and Mr. Myall.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action against Defendants Sgt. Jones, Dr. Dirham, and The GEO Group, Inc. be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983 as to these Defendants.  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by __February 20th__, 2007,

---

[2] Plaintiff alleges only that Defendant Jones conducted a search of his cell and that Defendant Dirham provided mental health counseling to Plaintiff.

in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___31st___ day of ___January___, 2007.

*[signature: Gary M. Purcell]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE