IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY COOPER, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-07-112-R |
| | ) |
| DAVID MILLER, et al., | ) |
| | ) |
| Defendant . | ) |

## ORDER

Plaintiff, a state prisoner appearing *pro se,* filed this action pursuant to 42 U.S.C. § 1983, alleging the violation of his civil rights. Pursuant to 636(b)(1)( B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On January 31, 2007, Judge Purcell issued a Report and Recommendation, wherein he recommended that the complaint be dismissed against Defendants Jones, Dirham and the GEO Group, because Plaintiff failed to allege sufficient personal participation by these Defendants. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation.

Plaintiff filed this action alleging numerous violations of his constitutional rights by the Defendants. Plaintiff's allegations arose from his attempt to obtain protective measures after he refused another inmate's request that he bring contraband into the housing unit from the kitchen/dining room of the Lawton Correctional Facility on February 14, 2006. Plaintiff alleges that he requested protective measures from a lieutenant, and that he was told that he would not be permitted in the general population after making a statement against his cell

mate[1]. Plaintiff alleges that he then wrote a statement that his cell mate had drugs, a homemade knife, and a bowl of alcohol in the cell. Sergeant Jones then searched Plaintiff's cell and discovered the alcohol.

Plaintiff asserts that after the search Defendant Bernard informed Plaintiff that he would receive numerous misconducts if he pursued protective measures, and that true to his word, Plaintiff received a misconduct for the alcohol. Plaintiff asserts that the misconduct was subsequently dismissed after it was determined that the alcohol was discovered only after Plaintiff informed officers that it was in his cell. The remainder of Plaintiff's allegations are irrelevant to his objection to the Report and Recommendation.

Plaintiff does not object to Judge Purcell's recommendation that Dr. Dirham and the GEO Group be dismissed from this action. He objects to the recommendation that Sergeant Jones be dismissed, asserting that Defendant Jones wrote the March 15, 2006 misconduct against him for the alcohol found in his cell. As noted above, Sergeant Jones found the alcohol after Plaintiff reported its presence.

Plaintiff's objection to the Report and Recommendation clarifies the allegations in his complaint. In the complaint Plaintiff did not identify the particular person that issued the March 15, 2006 class X misconduct based on Plaintiff's own February 14, 2006 report of alcohol in his cell. Plaintiff's clarification of his allegations against Defendant Jones are sufficient to state a claim for retaliation. However, the allegations must be contained in a

---

[1] This is the only allegation in the complaint against Defendant Jones.

pleading, in this case a complaint.  Accordingly, Plaintiff is hereby ordered to amend his complaint to more specifically allege personal participation by the Defendant Jones with regard to the March 15, 2006 misconduct report.  The amended complaint shall be filed not later than February 21, 2007.  The Report and Recommendation is ADOPTED with regard to Judge Purcell's recommendation that the case be dismissed against Dr. Dirham and the GEO Group, Inc.  The Report and Recommendation is otherwise rejected in light of Plaintiff's clarifications in the event that Plaintiff files a timely amended complaint.  The matter is hereby recommitted to Judge Purcell for further proceedings.

**IT IS SO ORDERED** THIS 14th day of February 2007.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE